IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SUNCOM WIRELESS PUERTO RICO
OPERATING COMPANY L.L.C.

Plaintiff

vs                                                              CIVIL 07-1440CCC

PUERTO RICO TELEPHONE COMPANY,
INC.

Defendant

## ORDER

This is an action under the Telecommunications Act of 1966 47 U.S.C.A. § 151 et. seq.
and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, in which plaintiff SunCom Wireless
Puerto Rico Operating Company LLC (SunCom) seeks injunctive and declaratory relief against
defendant Puerto Rico Telephone Company, Inc. (PRTC).  Before the Court now is an Emergency
Motion for Provisional Relief and For Temporary, Preliminary and Permanent Injunctive Relief filed
by SunCom on May 22, 2007 (docket entry 2).

According to the allegations of the Verified Complaint, SunCom is a wireless service provider
that currently has an Interconnection Agreement (ICA) with PRTC, which it assumed from Telecorp
through an asset purchase agreement.  It seems that a billing dispute between PRTC and Telecorp
arose in 2002 regarding the applicable tariff for certain services under that agreement, which
continued after 2004 when SunCom acquired the assets of Telecorp.  While apparently the parties
have engaged in efforts to settle the dispute - indeed, letters detailing a proposal by SunCom and
a counterproposal by PRTC are attached as exhibits to the Verified Complaint - these were evidently
unsuccessful as PRTC eventually threatened SunCom with the discontinuation of services and the
cancellation of the ICA if it did not pay the full amount allegedly owed.

As a result, on May 18, 2007 SunCom filed before the Puerto Rico Telecommunications
Regulatory Board (Board) an urgent motion for a cease and desist order, as well as for resolution of
the billing disputes.  No information is given, however, as to any action taken by the Board.  In the

meantime, PRTC allegedly discontinued on May 22, 2007 various interconnections facilities to SunCom which the latter claims are seriously affecting its service. It is on the discontinuance of these interconnection services which SunCom bases its request for a temporary restraining order. Motion (docket entry 2), at p. 2.

A temporary restraining order may only be issued if the movant satisfies the following four elements: (1) a likelihood that it will prevail on the merits; (2) irreparable harm unless the restraining order is issued; (3) greater harm to the applicant than the adversary's harm resulting from issuance of a temporary restraining order; and (4) the absence of an adverse impact on the public interest. Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); Levesque v. State of Me., 587 F.2d 78, 80 (1st Cir. 1978).

At this stage of the proceedings, SunCom has clearly failed to establish a likelihood of success on the merits since its claim of inconsistent overbilling by PRTC for transmission facilities is bereft of factual support on the current record. In fact, not even the ICA, the core document which establishes the contractual relationship between the parties (and where allegedly the tariff that is producing the overbilling is nowhere mentioned), has been submitted to the Court's consideration. SunCom casually dismisses the lack of factual support for its claim by stating that "[t]here will be time enough to sort out the parties' underlying disputes about what portion of the billed amounts, if any, are actually due from SunCom to PRTC." Motion, at p. 2. Yet, what SunCom needed to demonstrate before the Court now was not that there was a billing dispute pending adjudication, but instead that it was likely to prevail on that dispute. Because it has not satisfied that burden, its request for temporary injunctive relief cannot prosper.

Although "if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity," New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir.2002), we briefly note that SunCom has also failed to establish that it will suffer irreparable harm. SunCom offers no explanation why the economic loss claimed cannot be recovered as part of the damages requested in this litigation, should it prevail, nor has it proffered any reason why it cannot pay the amount that PRTC claims to be in default, thus avoiding suspension of services, while it continues to litigate the billing dispute before the Board or

this Court.

SunCom having failed to establish that it is likely to succeed in its claim against PRTC or that it will suffer irreparable harm in the absence of injunctive relief, its Emergency Motion for Provisional Relief and For Temporary Injunctive Relief (TRO)**(docket entry 2)** is hereby DENIED.

SunCom having stated in its Informative Motion Regarding Notice to Puerto Rico Telephone Company (docket entry 4) and Second Informative Motion Regarding Notice to Puerto Rico Telephone Company (docket entry 5), both of which are NOTED, that it has provided notice to PRTC as required under Fed.R.Civ.P. 65, it shall also serve the authorized representative of PRTC under Fed.R.Civ.P. 4 with the corresponding summons and copy of the Verified Complaint.  Once proof of service is presented to the Court, a hearing on SunCom's Motion for Preliminary Injunction will be set.

SO ORDERED.

At San Juan, Puerto Rico, on May 23, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge